**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | | |
|---|---|---|
| TAMMY BARBER, Administratrix of the<br>Estate of GLENN ARTHUR BARBER, Deceased | | PLAINTIFF |
| v. | No. 1:13CV00078 JLH | |
| INDEPENDENCE COUNTY, ARKANSAS;<br>STATE OF ARKANSAS; ROBERT GRIFFIN,<br>County Judge; CITY OF BATESVILLE;<br>STEVE JEFFERY, Individually and as Sheriff,<br>Independence County; and JOHN DOES 1-6 | | DEFENDANTS |

**OPINION AND ORDER**

The Estate of Glenn Arthur Barber brings this action against the State of Arkansas; Independence County, Arkansas; the City of Batesville, Arkansas; Independence County Judge Robert Griffin; Steve Jeffery, individually, and in his official capacity as Sheriff of Independence County, Arkansas; and John Does 1-6. The Estate alleges that Barber committed suicide while in custody in the Independence County jail and that his suicide was the result of the defendants' deliberate indifference to her husband's need for his medication, in violation of his rights under the Fourth, Eighth, and Fourteenth Amendments and 42 U.S.C. § 1983.[1] The defendants have filed a motion for summary judgment. For the reasons explained below, the motion is granted.

Barber suffered from brain cancer and was under the treatment of a physician for unbearable pain associated with the cancer. On August 30, 2011, Barber was issued a citation for the misdemeanor offense of theft by receiving, and he was taken into custody at the Independence County jail. Barber's wife, Tammy, went to a pharmacy and filled three days' worth of his prescription medications. She attempted to deliver the medications to him while he was in custody

---

[1] Barber's amended complaint also includes a claim for attorney's fees under 42 U.S.C. § 1988(b).

at the jail. On her first attempt, Tammy rang the buzzer at the front entrance to the jail several times and spoke to someone through an intercom. She asked for someone to come to the door to receive the medications, but she was told through the intercom that there was no time for anyone to come to the door and that she should just leave the pills at the door. Tammy did not leave the pills at the door because "[i]t's a narcotic and it's a jail." Document #24 at 4. Tammy waited for about an hour and a half and no one came to talk to her, so she left with the medications. Tammy returned the next day. Again she was told through the intercom to wait or come back later. She waited for hours, but she was never able to deliver the medications to the jail. This scenario repeated itself a total of five times over the course of three days.

On September 1, 2011, Barber was found in his cell, having committed suicide by hanging. He was pronounced dead by a coroner. Tammy subsequently brought this action as the administratrix of Barber's estate.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. As a pretrial detainee, Barber's rights to medical care arises under the due process clause of the Fourteenth Amendment. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). His right to medical care was violated if one or more jailers were deliberately indifferent to his serious medical needs. *Id*.

The defendants argue that they are entitled to summary judgment because the plaintiff has made no allegations against Sheriff Jeffery and there is no evidence to show that he was personally involved in Barber's incarceration.  They contend that Sheriff Jeffery is entitled to qualified immunity and that Independence County cannot be held liable because the plaintiff has presented no evidence of an unconstitutional county policy or custom.

"A defendant will not be held liable under 42 U.S.C. § 1983 unless he was personally involved in causing the deprivation of a constitutional right or he either has or is charged with having actual knowledge that his subordinates are causing deprivations of constitutional rights." *Triplett v. Azordegan*, 570 F.2d 819, 823 (8th Cir. 1978); *see Wren v. Engler*, No. 1:12CV00023 JLH, 2013 WL 5507640, at *1-4 (E.D. Ark. Sept. 30, 2013).  "[T]he doctrine of respondeat superior does not apply to § 1983 cases." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014).  Furthermore, "[q]ualified immunity shields a government official from liability unless his conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Burns v. Eaton*, 752 F.3d 1136, 1139 (8th Cir. 2014) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).  "The doctrine of qualified immunity requires "an *individualized* analysis of *each* officer's alleged conduct." *Walton v. Dawson*, 752 F.3d 1109, 1125 (8th Cir. 2014).

Here, the Estate has presented no evidence from which a reasonable jury could conclude that Sheriff Jeffery was personally involved in causing a deprivation of Barber's constitutional rights or that he knew that his subordinates were causing a deprivation of those rights.  While Tammy's testimony tends to show that one or more of the jailers were deliberately indifferent to her husband's serious medical needs, there is no evidence that Sheriff Jeffery, himself, was deliberately indifferent

3

to Barber's needs – or even that he was aware of them.  Therefore, summary judgment must be granted to Sheriff Jeffery on the individual capacity claim against him.

A governmental entity can be liable under section 1983 if that entity's policy or custom causes the deprivation of the defendant's constitutional rights.  *Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998).  The Estate has presented no evidence from which a reasonable jury could conclude that Independence County has an unconstitutional policy or custom.  No evidence tends to show that the County has a policy or custom of being indifferent to the serious medical needs of its detainees.  Therefore, summary judgment must be entered in favor of Independence County.

The Estate asserted a section 1983 claim against Judge Griffin.  Absent an express statement that a defendant is sued in his individual capacity, courts will construe the suit as being against the defendant in his official capacity.  *Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  The Estate did not state that Judge Griffin was sued in his individual capacity, so the Court construes the claim against him as an official capacity claim.  A suit against a sheriff or other county employee in his official capacity is tantamount to a suit against the county itself.  *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998).  Consequently, the claim against Judge Griffin and the official capacity claim against Sheriff Jeffery will be dismissed as redundant to the claim against Independence County.  *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

## CONCLUSION

The Estate may well have a valid claim against one or more of the employees of Independence County who work at the jail.  From the testimony of Tammy Barber, it appears that some of the jailers may have been deliberately indifferent to Glenn Barber's serious medical needs.

The Estate has not, however, presented evidence to show a genuine dispute of material fact as to its claims against the County and the Sheriff. The defendants' motion for summary judgment is granted on those claims. Document #19. The claims of Tammy Barber, Administratrix of the Estate of Glenn Arthur Barber, against Independence County and Steve Jeffery are dismissed with prejudice. The claims against Robert Griffin, County Judge, are dismissed as redundant of the claims against Independence County. The claims against John Does 1-6, who have not been identified, are dismissed without prejudice.

    IT IS SO ORDERED this 7th day of October, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE